**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4147
_____

XIU REN DAI,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-254-184)
Immigration Judge:  Honorable Frederic G. Leeds

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 11, 2012

Before: SMITH, HARDIMAN and STAPLETON, Circuit Judges

(Opinion filed: April 12, 2012)
_____

OPINION
_____

PER CURIAM

 Xiu Ren Dai, a native and citizen of China, petitions for review of a Board of

Immigration Appeals (BIA) decision that rejected his application for asylum and

withholding of removal.  For the following reasons, the petition for review will be

denied.

1

As the parties are our principal audience, we will briefly summarize the uncontested factual record. In 1989, and while living in China, Dai and his wife had their first child, a girl. Despite being fitted with an IUD the same year, his wife again became pregnant, and the couple's second child, a boy, was born in 1992. At this time, Dai's wife was sterilized against her will; the couple was fined 9800 RMB (the equivalent of approximately $1,500); and Dai briefly went into hiding, although he was not otherwise injured. Tragedy struck the couple in 1995, when their son died in an accident; in response, they applied for reversal of sterilization, but their request was not granted. Dai continued to live and work (apparently without further incident) in China until 2007, when he departed for the United States and was admitted as a nonimmigrant. Having overstayed his visa, Dai was placed into removal proceedings, in response to which he filed an I-589 requesting asylum or withholding of removal. His wife and daughter remain in China.

After a series of hearings, the Immigration Judge (IJ) denied relief. While finding Dai to be credible and sympathetic, the IJ nevertheless held that 1) he had failed to demonstrate that his treatment in China amounted to persecution, and 2) he had failed to demonstrate a well-founded fear of future persecution. The BIA denied Dai's appeal, agreeing with the IJ that he had shown neither past persecution or a well-founded fear of future persecution.

This petition for review followed. Dai raises one claim before this Court: whether the BIA erred in holding that he had failed to establish past persecution. Pet'r's Br. 1.

We have jurisdiction over the BIA's final order of removal pursuant to 8 U.S.C.

2

§ 1252(a). When, as here, the BIA renders its own decision and does not merely adopt the opinion of the IJ, we review the BIA's decision. De Leon-Ochoa v. Att'y Gen., 622 F.3d 341, 348 (3d Cir. 2010). "Our review of factual findings, including findings of persecution and fear of persecution, is for substantial evidence, which means we must uphold findings of fact unless the record evidence compels a contrary finding." Yuan v. Att'y Gen., 642 F.3d 420, 425 (3d Cir. 2011).

As a preliminary matter, we agree with the Government that the existence of past persecution is the only question before the Court. While Dai included in his opening brief a glancing mention of the second pathway to asylum, a "well-founded fear of future persecution," we have held that merely referring to an issue does not suffice to preserve it. See Laborers' Int'l Union v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994). Accordingly, we will limit our discussion to the existence of past persecution.

In Lin-Zheng v. Attorney General, 557 F.3d 147 (3d Cir. 2009) (en banc), we joined the United States Court of Appeals for the Second Circuit in holding that 8 U.S.C. § 1101(a)(42) does not "extend automatic refugee status to spouses or unmarried partners of individuals [who are forcibly subjected to coercive family planning measures]." Id. at 148 (quoting Lin v. U.S. Dep't of Justice, 494 F.3d 296, 300 (2d Cir. 2007) (en banc)). To that end, we agree with the BIA that Dai is foreclosed from claiming a per se entitlement to asylum based on his wife's sterilization.

We also agree that Dai has failed to "allege other incidents of harm or economic sanctions that rise to the level of persecution." BIA Op. 2. "Our oft-quoted, non-exclusive list of examples of persecution 'include[s] threats to life, confinement, torture,

and economic restrictions so severe that they constitute a threat to life or freedom.'" Cheng v. Att'y Gen., 623 F.3d 175, 192 (3d Cir. 2010) (quoting Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993)). Dai argues that the economic sanctions to which he was subjected and the social derision he faced from an inability to have a son amounted, in sum, to persecution. But given his ability to pay the fine—and in light of his lengthy stay in China thereafter, during which he alleged little to no additional mistreatment—we cannot say that these incidents rise, individually or collectively, to persecution. See id. at 193–94 (discussing the severity of economic sanctions necessary for a finding of persecution). As Dai fails to show that he is entitled to asylum, it follows that he cannot meet the "more exacting standard" for withholding of removal. Lin v. Att'y Gen., 543 F.3d 114, 118 (3d Cir. 2008); Gomez-Zuluaga v. Att'y Gen., 527 F.3d 330, 348–49 (3d Cir. 2008).

Therefore, as the record supports the BIA's decision, we will deny this petition for review.